|                              |                      |
| ---------------------------- | -------------------- |
| UNITED STATES DISTRICT COURT |                      |
| DISTRICT OF PUERTO RICO      |                      |
| VISTAMAR, INC.,              |                      |
|     Plaintiff,               | Civil No. 03-1188 (JAF) |
|     v.                       |                      |
| FERNANDO FAGUNDO FAGUNDO, et al., |                 |
|     Defendants.              |                      |

**O R D E R**

On March 15, 2005, we granted Defendants' motion to dismiss. Docket Document No. 149. Defendants now move for attorney's fees pursuant to Rule 54(d) of the Federal Rules of Civil Procedure and Local Rule 54. Docket Document No. 185. Plaintiff opposes the motion. Docket Document No. 196.

Pursuant to 42 U.S.C. § 1988, a court may award the prevailing party reasonable attorney's fees for suits brought under 42 U.S.C. § 1983. 42 U.S.C. § 1988 (2003 & Supp. 2004). "In civil rights cases, fee-shifting in favor of a prevailing plaintiff is the rule, whereas fee-shifting in favor of a prevailing defendant is the exception." Bercovitch v. Baldwin School, Inc., 191 F.3d 8, 10 (1st Cir. 1999); Tejada-Batista v. Fuentes-Agostini, 267 F.Supp.2d 156, 158 (D.P.R. 2003). "Thus, though a prevailing plaintiff is presumptively entitled to fee-shifting in such a case, a prevailing

Civil No. 03-1188 (JAF)                                                        -2-

defendant is entitled to similar largesse only if she can establish that the plaintiffs' suit was totally unfounded, frivolous, or otherwise unreasonable." Bercovitch, 191 F.3d at 10 (1st Cir. 1999) (citing Casa Marie Hogar Geriatrico, Inc. v. Rivera-Santos, 38 F.3d 615, 618 (1st Cir. 1994)). Under this heightened standard, prevailing defendants have a more difficult showing to make than do prevailing plaintiffs. Garcia Rodriguez v. P.R. Tel. Co., No. Civ. 02-1969JAF, 2005 WL 991253, at *2 (D.P.R. April 14, 2005); Tejada-Batista, 267 F.Supp.2d at 159. In determining whether to award a prevailing defendant attorney's fees, a court must "resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421-22 (1978).

    The bare facts of this case present no indication that Plaintiff's suit was groundless. Although we denied Plaintiff's cause of action in that it was filed after the statute of limitations had run, Plaintiff maintained a theoretically plausible, if ultimately misguided, belief that the doctrine of equitable estoppel rendered its claims timely. Even though Plaintiff's claim was ultimately unsuccessful, it did not fall to the level of frivolousness which would require us to bestow upon it the burden of attorney's fees.

Civil No. 03-1188 (JAF) -3-

Furthermore, even if a Plaintiff's suit is groundless when filed, "the district court still retains discretion to deny or reduce fee requests after considering the nuances of a particular case." Tang v. State of R.I., Dep't of Elderly Affairs, 163 F.3d 7, 15 (1st Cir. 1998); Adkins v. Briggs & Stratton Corp., 159 F.3d 306, 307 (7th Cir. 1998) (holding that a court is not required to award attorney's fees to a defendant, and even though attorney's fees may be appropriated, they are not mandatory); see Bercovitch, 191 F.3d at 12. A district court may "deny or reduce [the] amount [of attorney's fees] after considering the plaintiff's financial condition." Andrade v. Jamestown Hous. Auth., 82 F.3d 1179, 1193 (1st Cir. 1996); Charves v. W. Union Tel. Co., 711 F.2d 462, 465 (1st Cir. 1983) (noting that an award of attorney's fees to a prevailing defendant should consider the plaintiff's financial capacity).

In light of the standards set forth above, we decline to award Defendants attorney's fees.

We, therefore, **DENY** Defendants' motion for attorney's fees. Docket Document No. 185.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, this 25th day of April, 2006.

S/José Antonio Fusté
JOSE ANTONIO FUSTE
Chief U. S. District Judge